## Case No. 17,621.

### WIENER v. The RAFAEL ARROYO.

[4 Am. Law J. (N. S.) 81; 5 Pa. Law J. Rep. 52; 26 Hunt, Mer. Mag. 337.]

District Court, E. D. Pennsylvania. July 25, 1851.

AFFREIGHTMENT—NONDELIVERY OF CARGO—BILL OF LADING—RIGHTS OF FACTOR CONSIGNEE.

[A factor consignee, who is in advance to the shipper, acquires, by the execution and delivery of a clear bill of lading, a property in the goods, and a right to their delivery by the ship, which cannot be divested by any subsequent acts of the shipper and the master.]

[This was a libel in admiralty by Heinrich Wiener against the Rafael Arroyo for the nondelivery of certain goods.]

Porter & Fisher, for libellants, cited Abb. Shipp. (Am. Ed.) p. 400; Howard v. Tucker, 1 Boyd, Adm. 712; Pickard v. Sears, 6 Adol. & E. 474; Berkley v. Watling, 7 Adol. & E. 29; Lickbarrow v. Mason, 2 Term R. 76; Keener v. Bank of U. S., 2 Barr [2 Pa. St.] 239; Newbold v. Wright, 4 Rawle, 212; Iddings v. Nagle, 2 Watts & S. 22; Bolton v Colder, 1 Watts, 363; Rapp v. Palmer, 3 Watts, 179; The Reeside [Case No. 11,657].

Gerhard & Henry, contra.

KANE, District Judge. This is the case of a libel by the consignee of goods for a failure to deliver them according to contract. Schleicher & Co., manufacturers at ——, sent certain goods to Bremen, to be there shipped by Bachman, a forwarding merchant, to the libellant, Wiener, at Philadelphia. The city of Bremen is not accessible to large vessels, and it is the practice, in consequence, to transport goods that are intended for exportation, by lighters to Bremen-haven, some miles lower down the Weser, where they are received on ship board. The bill of lading is signed when the goods are delivered to the lighterman; and as it is known with certainty beforehand whether the ship will be able to carry all the goods that come down for her to Bremen-haven, the custom is said to prevail of giving the master a memorandum of defeasance called a "revers." by which the bill of lading is declared to be null as to the part of the cargo not actually taken on board. Bachman sent down the goods by a lighter, taking from the master of the Rafael Arroyo a clean bill of lading, in which Wiener was named as consignee, and executing at the same time the customary "revers." The goods, however, were either not received on board the vessel in consequence of her being already full, or they were landed again after she had proceeded some miles, in consequence of her being obliged to return to have her cargo restowed. The bill of lading came to the libellant by the vessel, with a letter of advice from Bachman, which however made no mention of the "revers:" but the goods of course were not delivered in Philadelphia according to the terms of the bill. They arrived

in another ship some weeks afterwards. and while this suit was pending.

So far as third persons are concerned, the master and his vessel are bound absolutely by the terms of the bill of lading. No agreement or understanding between the parties to the shipment can vary or affect this liability. Stille v. Traverse [Case No. 13,444]. The asserted usage of the port of Bremen may interpret and define the reciprocal engagements of the shipper and the carrier, for the bargain between them must be understood as made with reference to it. But as to the rest of the world, the bill of lading is a negotiable instrument known as such to the law merchant every where and the obligations which it imports appear upon its face.

The real question in this case is whether the libellant had a property in the goods before their arrival and delivery to him; for if he is merely the representative of the shipper, his rights may perhaps be restricted by a reference to the Bremen usage. In general, it is true that as against the shipper a factor consignee has not such a property until the goods are actually in his possession, even though he be also a creditor; unless there has been some act of appropriation to his use by the shipper, something to indicate that the shipment was intended for the protection at least of the factor. Kinlock v. Craig, 3 Durn. & E. [3 Term R.] 122, 787; Walter v. Ross [Case No. 17,122]. But as between the carrier and the consignee the law is different. The factor consignee acquires by the execution and delivery of the bill of lading a qualified or contingent interest which it is not in the power of the carrier nor except under certain circumstances of the shipper, also to divest or question. See Anderson v. Clark, 2 Bing. 20. The right of the consignee to sue in assumpsit or in trover at his election assumes this. Now the fact is not disputed that the libellant was at the time of shipping, and has since continued to be, in advance to the shippers; and there is nothing from which we can infer that the shipment was not intended to secure him for his current advances. The shipper does not stand in his way. The decree therefore must be for the libellant for costs; the goods having since been delivered to him.

P. C., decree accordingly.